UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT ALLEN JACKSON, III,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEEFREY UTTECHT,<br><br>　　　　　Respondent. | CASE NO. C12-0016RSM<br><br>ORDER DENYING REINSTATEMENT OF CERTIFICATE OF APPEALABILITY |

　　　　Petitioner Robert Allen Jackson, III, previously brought a 28 U.S.C. § 2254 Petition for Habeas Corpus, alleging that the Due Process Clause was violated because the State presented insufficient evidence to support his jury-trial conviction for first-degree rape. Dkt. #8. On June 29, 2012, United States Magistrate Judge Brian A. Tsuchida recommended that Mr. Jackson's habeas petition be denied because it was objectively reasonable for the state court to conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Dkt. #21. Mr. Jackson objected. Dkt. #22. After considering those objections and the government's response thereto, the Court adopted Judge Tsuchida's Report and Recommendation, and denied Mr. Jackson's Petition. Dkt. #24. The Court also granted Mr. Jackson a certificate of appealability on the sole ground raised in his petition – insufficiency of the evidence. *Id.*

ORDER - 1

1    Nearly seven months passed and Mr. Jackson did not file an appeal.  However, on
2 February 22, 2013, Mr. Jackson filed a Motion for Extension of Time to File an Appeal,
3 contemporaneously with a Notice of Appeal.  Dkts. #27 and #28.  Mr. Jackson requested an
4 extension of time to prepare his appeal on the basis that the law library at Airway Heights
5 Correction Center, where he was incarcerated, was being converted from hard-bound legal books
6 to computers, and the law library had been closed for a lengthy amount of time due to that
7 process.  Dkt. #27.  The Court denied Mr. Jackson's motion as untimely.  Dkt. #31.  Four days
8 later, the Ninth Circuit Court of Appeals issued a Mandate also dismissing Mr. Jackson's appeal
9 as untimely.  Dkt. #32.

10    Now, more than two years after this case was closed, Mr. Jackson moves for
11 reinstatement of his certificate of appealability "due to extraordinary circumstances."  Dkt. #34.
12 Mr. Jackson argues that he was "denied access to the courts" and that prevented him from filing
13 a timely appeal.  Dkt. #34-1.  Although not entirely clear, he appears to assert that Corrections
14 Center staff told him that a final decision in his District Court case did not warrant his accessing
15 his legal file, he was in segregation during the 30 days after this Court adopted the Report and
16 Recommendation and therefore he could not access the law library to timely prepare an appeal,
17 and he was precluded from going to the library because staff told him he did not have an urgent
18 deadline to meet.  Dkt. #34-1 at 1-2.

19    Under the Federal Rules of Appellate Procedure, a district court may reopen the time to
20 file an appeal "<u>only if</u>" the following three conditions are met:

21    (A) the court finds that the moving party did not receive notice under
       Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order
22     sought to be appealed within 21 days after entry;

23

24

      (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

      (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Mr. Jackson does not meet these criteria as he has filed his motion longer than 180 days after the order he seeks to appeal was entered or within 14 days after he received notice of the order. The time limit in Rule 4(a)(6) is jurisdictional and therefore not subject to equitable tolling. *See Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). Nor does its application violate Mr. Jackson's due process rights. *See United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 954 (9th Cir. 2010). As a result, this Court lacks jurisdiction to reopen the time to file an appeal. Accordingly, Mr. Jackson's Motion to Reinstate His Certificate of Appealability (Dkt. #34) is DENIED.

DATED this 11 day of August, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE